IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| NIKKI LEE CARTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2-23-cv-04112-MDH |
| ) | |
| MARTIN O'MALLEY, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is Plaintiff's appeal of the Commissioner's denial of her application for disability insurance benefits. Plaintiff has exhausted her administrative remedies and the matter is now ripe for judicial review. After carefully reviewing the record, the Court reverses and remands the ALJ's determination for further proceedings.

## BACKGROUND

Plaintiff applied for disability insurance on February 17, 2021. The ALJ issued an unfavorable decision on May 17, 2022. The ALJ determined that Plaintiff suffered from the following severe impairments: cervical and lumbar degenerative disc disease; seizure disorder; and mental impairments, variously diagnosed as depressive disorder and anxiety disorder. While the ALJ did not conclude that any of these conditions met or equaled a listed condition, she did note following RFC:

> to perform light work… except she can never climb ladders, ropes, and scaffolds. The claimant can occasionally climb ramps and stairs. The claimant can occasionally stoop and balance. The claimant can frequently kneel, crouch, and crawl. The claimant should avoid concentrated exposure to extreme heat and pulmonary irritants, such as fumes, odors, dust, and gases. The claimant should avoid concentrated exposure to workplace hazards, such as unprotected heights and dangerous, moving machinery. An example of dangerous, moving machinery would be factory-type machinery with an unshielded blade. The claimant should

1

> not drive a motor vehicle as a job task. The claimant can perform simple, routine tasks and make simple, work-related decisions. The claimant can have frequent interaction with the general public. The claimant should avoid concentrated exposure to extremely bright lighting, for example, lighting with the intensity level of a bright theater spotlight or brightly lit football stadium. The claimant should also avoid concentrated exposure to bright flashing lights like that of a strobe light.

The ALJ then relied on the vocational expert testimony to conclude that Plaintiff had no past relevant work but could perform work as a Marker, Routing Clerk, and Collator Operator.

The ALJ found that Plaintiff suffered from several mental impairments, including PTSD, anxiety, and depression but found that all medical opinions within the record were "unpersuasive." Plaintiff argues the ALJ adopted an RFC for a range of simple work, without identifying supportive evidence within the record regarding Plaintiff's ability to function in the workplace. Plaintiff also argues that the ALJ erred in finding the opinion of Dr. Parker, Plaintiff's treating provider, to be "unpersuasive" because the ALJ offered mere conclusory rejections and mischaracterized the content of Dr. Parker's opinion.

**STANDARD**

Judicial review of the Commissioner's decision is a limited inquiry into whether substantial evidence supports the findings of the Commissioner and whether the correct legal standards were applied. *See* 42 U.S.C. §§ 405(g). "The phrase 'substantial evidence' is a 'term of art' used throughout administrative law to describe how courts are to review agency factfinding. Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted). "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence, this Court has said, is 'more than a mere scintilla.'" *Id.* at 1154. "It means -

and means only - 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.*

Substantial evidence is less than a preponderance of the evidence and requires enough evidence to allow a reasonable person to find adequate support for the Commissioner's conclusion. *Freeman v. Apfel*, 208 F.3d 687, 690 (8th Cir. 2000). This standard requires a court to consider both the evidence that supports the Commissioner's decision and the evidence that detracts from it. *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008). That the reviewing court would come to a different conclusion is not a sufficient basis for reversal. *Wiese v. Astrue*, 552 F.3d 728, 730 (8th Cir. 2009). Rather, "[i]f, after review, we find it possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, we must affirm the denial of benefits." *Id.* (quoting *Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996)).

## DISCUSSION

The ALJ found that Plaintiff suffered from severe mental impairments. Three mental health professionals rendered medical opinions evaluating the functional impact of Plaintiff's mental impairments. Plaintiff's treating psychiatric nurse practitioner completed a Medical Source Statement - Mental, a non-examining state agency consultant evaluated Carter's mental functioning, and Paul Midden, Ph.D., assessed Carter's mental limitations. However, the ALJ determined that all three opinions were "unpersuasive."

However, after rejecting all medical opinions within the record, the ALJ adopted an RFC with the following mental limitations: "[t]he claimant can perform simple, routine tasks"; "make simple, work-related decisions"; and "frequent[ly] interact[] with the general public." The ALJ did not identify any evidence within the record upon which the ALJ relied on making that determination or what evidence indicated Plaintiff was capable of the assessed mental RFC.

3

Plaintiff cites to *Noerper v. Saul*, 964 F.3d 738 (8th Cir. 2020) in support of her request for remand arguing the RFC is not adequately supported by the evidence. "[T]he RFC determination is a 'medical question,' that 'must be supported by some medical evidence of [the claimant's] ability to function in the workplace." *Id.* at 744. This Court has previously remanded a case when there was no medical evidence to support the ALJ's RFC. *Gordon v. Kijakazi*, 2022 WL 543006 (W.D. Mo. Feb. 23, 2022). The ALJ's assessment of the RFC must be supported by some medical evidence of the claimant's ability to function in the workplace and where no medical opinion supports the ALJ's RFC, reversal is warranted." See *Hutsell v. Massanari*, 259 F.3d 707, 712 (8th Cir. 2001)).

Here, the ALJ rejected the opinions of record and as a result the ALJ's RFC is unsupported by any medical evidence and/or medical opinions. The ALJ may not simply draw her own inferences about plaintiff's functional ability when she has found all medical opinions of record as unpersuasive. See *Noerper*, 964 F.3d at 746-47. The record does contain opinions rendered by three medical professionals who evaluated Plaintiff's mental functional capacity, but the ALJ dismissed the opinions. While the ALJ's explanation of finding these opinions unpersuasive may not be error, the ALJ must have some evidence or opinion in the record upon which she based the RFC. The Court finds no medical opinion that supports the ALJ's residual functional capacity determination in this case. See *Hutsell v. Massanari*, 259 F.3d 707, 712 (8th Cir. 2001); and *Krogmeier v. Barnhart*, 294 F.3d 1019, 1023 (8th Cir. 2002) (the ALJ required to consider at least some supporting evidence from a medical professional).

The Court agrees with Plaintiff that it is unclear how the ALJ arrived at any of the specific limitations she formulated for Plaintiff's RFC. As a result, the ALJ failed to appropriately evaluate an RFC supported by evidence regarding Plaintiff's ability to function in the workplace. The Court find that the ALJ's RFC is not supported by substantial evidence in the record and remand is appropriate.

## CONCLUSION

Wherefore, for the reasons stated herein, the Court finds the Commissioner's decision is not supported by substantial evidence in the record as a whole. Therefore, the Commissioner's denial of benefits is hereby **REVERSED** and **REMANDED**.

**IT IS SO ORDERED**.

Dated: September 11, 2024                                  /s/ Douglas Harpool
                                                          **DOUGLAS HARPOOL**
                                                          **UNITED STATES DISTRICT JUDGE**